# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| KWAME RAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 2:16-CV-139 |
| | ) |
| CLERK OF THE INDIANA SUPREME | ) |
| COURT OF APPEALS, and | ) |
| METHODIST HOSPITAL SOUTH | ) |
| LAKE CAMPUS, | ) |
| | ) |
| Defendants. | ) |

## OPINION and ORDER

This matter is before the Court on: (1) the Amended Complaint filed on August 25, 2016 (DE #6); (2) a Petition to Proceed without Pre-payment of Fees and Costs filed by Thomas J. Ray on August 25, 2016 (DE #5); and (3) an application to proceed *in forma pauperis* filed by Kwame J. Ray on August 25, 2016 (DE #7). For the reasons explained below, Thomas J. Ray's request to proceed *in forma pauperis* is **DENIED AS MOOT,** Kwame J. Ray's request to proceed *in forma pauperis* is **DENIED,** and the Amended Complaint is **DISMISSED WITH PREJUDICE** as to the Clerk of the Indiana Supreme Court of Appeals**,** and **WITHOUT PREJUDICE** as to Methodist Hospital South Lake Campus.

On August 3, 2016, this Court outlined (for a second time) the shortcomings of the complaints pending at that time, consolidated

the three related cases, dismissed each of the complaints, and permitted Thomas J. Ray and Kwame J. Ray another opportunity to file an amended complaint that complied with the requirements of Federal Rule of Civil Procedure 8. Thomas J. Ray and Kwame J. Ray were also given another opportunity to seek *in forma pauperis* ("IFP") status. They were cautioned that, "if an amended compliant is filed that again fails to state a claim, the action will be dismissed with prejudice." (DE #4).

An Amended Complaint was filed on August 25, 2016, listing only Kwame J. Ray as a plaintiff, and listing only Methodist Hospital South Lake Campus ("Methodist") as a defendant in the caption. (DE #6). The body of the complaint, however, also lists the Clerk of the Indiana Court of Appeals as a defendant. (DE #6 at 2). Although only Kwame Ray is listed as a plaintiff, IFP petitions were filed by both Kwame J. Ray and Thomas J. Ray. Because Thomas J. Ray is not a plaintiff to the Amended Complaint, his IFP petition is **DENIED AS MOOT.**

With regard to Kwame J. Ray's (hereinafter "Plaintiff") request to proceed IFP, the IFP statute, 28 U.S.C. section 1915, allows an indigent plaintiff to commence a civil action without prepaying the administrative costs (e.g. filing fee) of the action. *See* 28 U.S.C. section 1915(a)(1); *see also Denton v. Hernandez*, 504 U.S. 25, 27 (1992). When presented with an IFP application, the district court makes two determinations: (1) whether the suit has

sufficient merit; and (2) whether the plaintiff's poverty level justifies IFP status. *See* 28 U.S.C. section 1915(e)(2); *Denton*, 504 U.S. at 27; *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 757 (7th Cir. 1988). If a court finds that the suit lacks sufficient merit or that an inadequate showing of poverty exists, the court must deny the IFP application. *See Smith-Bey*, 841 F.2d at 757.

District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service of the complaint on the defendants, and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under section 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013). Here, the financial prong has been met; however, the Court finds the suit does not have sufficient merit to continue.

A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and, "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting in part *Twombly,* 550 U.S. at 569 n. 14 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the

3

allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 550 U.S. at 555 (quotation marks, ellipsis, citations and footnote omitted). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank*, N.A., 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

The Court notes that Plaintiff is appearing *pro se* in this matter. Generally, although "pro se litigants are masters of their own complaints" and "[d]istrict judges have no obligation to act as counsel or paralegal to pro se litigants," *Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005), a document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even *pro se* plaintiffs must "make their pleadings straightforward so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). They must "be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages . . . ." *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990). Federal Rule of Civil Procedure 8(a)(2) requires that complaints contain a "short and plain statement of the claim

showing that the pleader is entitled to relief." *See Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994) ("A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation."). In sum, Rule 8 requires a complaint to be presented with "intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom*, 20 F.3d at 775.

In this case, the Amended Complaint, like earlier complaints, alleges that the Clerk of the Indiana Supreme Court of Appeals violated Plaintiff's rights under the 5th, 6th, 7th, 8th and 10th Amendments of the United States Constitution. It has added violations of additional provisions too: the 1st, 2nd, 3rd, 4th, and 14th Amendments of the United States Constitution. The factual recitations of earlier complaints are no longer included. The current complaint is completely lacking of factual allegations against the Clerk of the Indiana Court of Appeals. Plaintiff has not satisfied the federal notice pleading standards in accordance with Rule 8. Accordingly, Plaintiff has failed to state a claim against the Clerk of the Indiana Court of Appeals, and th3e Clerk of the Indiana Court of Appeals is dismissed with prejudice.

With regard to Methodist, the Amended Complaint alleges that one of Methodist's employees interviewed Plaintiff's children and,

5

as a result of that interview, the department of child and family services became involved. The Amended Complaint indicates that, "to the best of my knowledge this is a Medical Malpractice Law Sue [sic] Complaint." (DE #6 at 4). Plaintiff seeks injunctive relief and money damages because Methodist caused him to "stop being a Father." (*Id.*).

This Court has an obligation to ensure that it has proper subject matter jurisdiction over each lawsuit that is brought in this Court. *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986). This Court is a court of limited jurisdiction, and in the absence of either diversity jurisdiction or federal question jurisdiction, the case must be dismissed. *See Bovee v. Broom*, 732 F.3d 743, 744 (7th Cir. 2013).

For this Court to have diversity jurisdiction over Plaintiff's claim against Methodist, the amount in controversy must exceed $75,000, and there must be diversity of citizenship between plaintiff and defendant. The complaint must allege the amount in controversy and the citizenship of all parties. *Guaranty Nat'l Title Company, Inc. v. J.E.G. Associates,* 101 F.3d 57, 58 (7th Cir. 1996); *Zenith Electronics Corp. v. Kimball International Mfg., Inc.*, 114 F.Supp.2d 764, 767 (E.D. Ill. 2000). The Amended Complaint does not allege the amount in controversy or the citizenship of the parties. Plaintiff has not alleged diversity jurisdiction and nothing in the Amended Complaint suggests that

there is diversity of citizenship between the parties.

Federal question jurisdiction, pursuant to 28 U.S.C. section 1331, requires that the action arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Ordinarily, the basis for federal-question jurisdiction must be apparent from the face of the plaintiff's well-pleaded complaint." *Crosby v. Cooper B-Line, Inc.,* 725 F.3d 795, 800 (7th Cir. 2013); *see also Northeastern Rural Elec. Membership Corp. v. Wabash Valley Power Association,* 707 F.3d 883 (7th Cir. 2013). Plaintiff has cited to no federal statute or law in reference to his claims against Methodist. The Amended Complaint is brought using a form for claims under 42 U.S.C. section 1983. Under 42 U.S.C. § 1983, "[e]very person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ...." *See* 42 U.S.C. § 1983). To establish a claim under § 1983, a plaintiff must show both that a constitutional right has been violated and that the alleged wrongdoer acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1987). Plaintiff cannot state a claim against Methodist under 42 U.S.C. section 1983 because Methodist is not a state actor. Accordingly, this Court does not have subject matter jurisdiction over Plaintiff's claim against Methodist.

Even if this Court had subject matter jurisdiction over Plaintiff's case, the factual allegations still fail to state a

claim for which relief could be granted.  The Amended Complaint contains no facts from which it can be concluded that Methodist is liable to Plaintiff for medical malpractice or any other cause of action.  The Amended Complaint does not contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Because this suit is lacking in merit, Kwame J. Ray's request to proceed IFP is **DENIED.**  Any effort to amend the complaint would be futile. *Carpenter v. PNC Bank, Nat. Ass'n*, No. 15-2732, __ Fed. Appx. __, __, 2016 WL 412839, at *2 (7th Cir. Feb. 3, 2016) (quotation marks omitted). *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013) and *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.").  Accordingly, the Amended Complaint is **DISMISSED** with prejudice as to the Clerk of the Indiana Court of Appeals, and **WITHOUT PREJUDICE** as to Methodist.

**DATED: November 28, 2016**         /s/ RUDY LOZANO, Judge
                                     **United States District Court**